## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **VFC SOLUTIONS LTD**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-3861 (TJK) |
| | ) | |
| **BRADLEY T. SMITH**, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ANSWER

Defendants the Office of Foreign Assets Control (OFAC) and its director, Bradley T. Smith, hereby answer the Amended Complaint, ECF No. 10, filed by VFC Solutions Ltd. The introductory, non-numbered paragraph contains Plaintiff's characterization of this lawsuit to which no response is required; to the extent a response is required, Defendants refer the Court to the Complaint for a full and complete statement of its contents. Defendants answer the Complaint's allegations in the following numbered paragraphs, which correspond to the Complaint's numbered paragraphs:

1. Defendants lack knowledge or information sufficient to confirm or deny the allegations contained in this paragraph.

2. Admitted.

3. Admitted that, on February 17, 2024, Plaintiff petitioned for rescission of its designation under Executive Order 14024 and delisting from the Specially Designated Nationals and Blocked Persons List (SDN List). Admitted that, as an element of that petition, Plaintiff proposed to sever its relationship with Alexander Volfovich. Admitted that Plaintiff submitted documentation purporting to show that, as of September 9, 2024, Alexander Volfovich was not a

director of VFC Solutions Ltd.  Admitted that Plaintiff submitted documentation purporting to show that Alexander Volfovich attempted to transfer ownership of VFC Solutions Ltd. on August 7, 2024.  Admitted that OFAC understands that Cypriot authorities did not approve the proposed transfer.  Otherwise denied.

4.    Admitted that Defendants denied Plaintiff's petition on September 19, 2025. Otherwise denied.

5.    This paragraph consists of Plaintiff's characterizations of, and quotations from, Defendants' denial of its petition, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.

6.    This paragraph consists of Plaintiff's legal conclusions and characterizations of Defendants' denial of its delisting petition and the administrative record, to which no response is required.  Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.  To the extent that a response is deemed required, denied.

7.    This paragraph consists of Plaintiff's legal conclusions, as well as characterizations of and quotations from Defendants' denial of its delisting petition and the administrative record, to which no response is required.  Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.  To the extent that a response is deemed required, denied.

8.    This paragraph consists of Plaintiff's legal conclusions, as well as characterizations of and quotations from Defendants' denial of its delisting petition and the administrative record, to which no response is required.  Defendants respectfully refer the Court to the administrative

record for a full and accurate statement of its contents.  To the extent that a response is deemed required, denied.

9.      This paragraph consists of Plaintiff's legal conclusions, as well as characterizations of and quotations from Defendants' denial of its delisting petition and the administrative record, to which no response is required.  Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.  To the extent that a response is deemed required, denied.

10.      This paragraph consists of characterizations of a third party and characterizations of and quotations from a website maintained by that third party.  Defendants respectfully refer the Court to the website for a full and accurate statement of its contents.  To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to confirm or deny the allegations contained in this paragraph.

11.      This paragraph consists of Plaintiff's legal conclusions, as well as characterizations of and quotations from Defendants' denial of its delisting petition and the administrative record, to which no response is required.  Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.  To the extent that a response is deemed required, denied.

12.      This paragraph consists of Plaintiff's request for relief, to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the requested relief, or any relief as all.

13.      This paragraph consists of Plaintiff's characterization of its cause of action and legal conclusions regarding subject matter jurisdiction, to which no response is required.

14. The first sentence of this paragraph consists of Plaintiff's characterization of its cause of action, to which no response is required. The second sentence is expressly denied.

15. This paragraph consists of Plaintiff's legal conclusions, to which no response is required.

16. Admitted that Defendants reside in this district. This paragraph otherwise consists of Plaintiff's legal conclusions, to which no response is required.

17. This paragraph consists of Plaintiff's legal conclusions, to which no response is required.

18. Admitted that VFC Solutions Ltd. appears on the SDN List as having been established July 19, 2019, with a Cypriot registration number of C400224, and an address of Danias 1, Limassol 4521, Cyprus. Admitted that Plaintiff submitted documentation purporting to show that Alexander Volfovich owns 40% of its shares, Stanislav Volfovich owns 40% of its shares, and Ariel Volfovich owns 20% of its shares. Admitted that Plaintiff submitted documentation purporting to show that, as of September 9, 2024, Ariel and Stanislav Volfovich were the sole directors of VFC Solutions Ltd.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26.     The first and second sentences of this paragraph are admitted.  The third sentence is vague and ambiguous; Defendants therefore cannot confirm or deny the allegation.

27.     Denied.

28.     This paragraph consists of Plaintiff's characterizations of, and quotations from, a regulation, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the cited regulation for a full and accurate statement of its contents.

29.     Admitted.

30.     This paragraph consists of Plaintiff's characterizations of its petition, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.

31.     This paragraph consists of Plaintiff's characterizations of its petition, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.

32.     This paragraph consists of Plaintiff's characterizations of its petition, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.

33.     This paragraph consists of Plaintiff's characterizations of its petition, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.

34.     This paragraph consists of Plaintiff's characterizations of its petition, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.

35.    This paragraph consists of Plaintiff's characterizations of OFAC's questionnaire, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.

36.    This paragraph consists of Plaintiff's characterizations of its response to OFAC's questionnaire, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.

37.    This paragraph consists of Plaintiff's characterizations of its supplement to its response to OFAC's questionnaire, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.

38.    This paragraph consists of Plaintiff's characterizations of its first supplement to its petition, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.

39.    To the extent this paragraph consists of Plaintiff's characterizations of its first supplement to its petition, no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.  Otherwise, Defendants lack knowledge or information sufficient to confirm or deny the allegations contained in this paragraph.

40.    This paragraph consists of Plaintiff's characterizations of its second supplement to its petition, to which no response is required.  To the extent a response is deemed required,

Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.

41.     This paragraph consists of Plaintiff's characterizations of Defendants' denial of its petition and the administrative record, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record for a full and accurate statement of its contents.

42.     This paragraph consists of Plaintiff's characterizations of and quotations from the administrative record, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.

43.     This paragraph consists of Plaintiff's characterizations of the administrative record, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.

44.     This paragraph consists of Plaintiff's characterizations of, and quotations from, Defendants' denial of its petition, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.

45.     This paragraph consists of Plaintiff's characterizations of, and quotations from, Defendants' denial of its petition, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.

46.    This paragraph consists of Plaintiff's characterizations of Defendants' denial of its petition, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.

47.    This paragraph consists of Plaintiff's characterizations of the administrative record, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.

48.    This paragraph consists of Plaintiff's characterizations of and quotations from the administrative record, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.

49.    This paragraph consists of Plaintiff's characterizations of the administrative record, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.

50.    This paragraph consists of Plaintiff's characterizations of the administrative record, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.

51.    This paragraph consists of Plaintiff's characterizations of the administrative record, to which no response is required.  To the extent a response is deemed required, Defendants

respectfully refer the Court to the administrative record for a full and accurate statement of its contents.

52.    This paragraph principally consists of Plaintiff's characterizations of, and quotations from, Defendants' denial of its petition, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.

53.    This paragraph consists of Plaintiff's characterizations of the administrative record, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.

54.    This paragraph consists of Plaintiff's characterizations of Defendants' denial of its petition, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.  The final sentence of this paragraph is denied.

55.    This paragraph consists of Plaintiff's characterizations of Defendants' denial of its petition, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.

56.    This paragraph consists of Plaintiff's characterizations of and quotations from the administrative record, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.

57.     This paragraph consists of Plaintiff's characterizations of the administrative record, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.

58.     This paragraph consists of Plaintiff's characterizations of the administrative record, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.

59.     Defendants lack knowledge or information sufficient to confirm or deny the allegations contained in this paragraph.

60.     Defendants lack knowledge or information sufficient to confirm or deny the allegations contained in this paragraph.

61.     Defendants lack knowledge or information sufficient to confirm or deny the allegations contained in this paragraph.

62.     Defendants repeat and incorporate their responses to paragraphs 1 through 61 above as if set forth fully herein.

63.     This paragraph consists of Plaintiff's characterization of the Administrative Procedure Act, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

64.     This paragraph consists of Plaintiff's characterization of the Administrative Procedure Act, to which no response is required.  To the extent a response is deemed required,

Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

65.    This paragraph consists of Plaintiff's characterizations of, and quotations from, Defendants' denial of its petition, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.

66.    Denied.

67.    This paragraph consists of Plaintiff's legal conclusions and characterization of the Administrative Procedure Act, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents, and otherwise deny the allegations.

68.    Denied.

69.    Denied.

70.    Defendants repeat and incorporate their responses to paragraphs 1 through 69 above as if set forth fully herein.

71.    This paragraph consists of Plaintiff's characterization of the Administrative Procedure Act, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

72.    This paragraph consists of Plaintiff's legal conclusions and characterizations of Defendants' denial of its delisting petition, to which no response is required.   Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.  To the extent that a response is deemed required, denied.

73.     This paragraph consists of Plaintiff's legal conclusions and characterizations of Defendants' denial of its delisting petition, to which no response is required.  Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.  To the extent that a response is deemed required, denied.

74.     This paragraph consists of Plaintiff's legal conclusions and quotations from and characterizations of Defendants' denial of its delisting petition, to which no response is required.  Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.  To the extent that a response is deemed required, denied.

75.     This paragraph consists of Plaintiff's legal conclusions and quotations from and characterizations of Defendants' denial of its delisting petition, to which no response is required.  Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.  To the extent that a response is deemed required, denied.

76.     This paragraph consists of Plaintiff's legal conclusions and quotations from and characterizations of Defendants' denial of its delisting petition, to which no response is required.  Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.  To the extent that a response is deemed required, denied.

77.     This paragraph consists of Plaintiff's legal conclusions and characterizations of Defendants' denial of its delisting petition, to which no response is required.  Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.  To the extent that a response is deemed required, denied.

78.     Denied.

79.     Defendants repeat and incorporate their responses to paragraphs 1 through 78 above as if set forth fully herein.

80.     This paragraph consists of Plaintiff's legal conclusions and characterization of the Administrative Procedure Act, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

81.     This paragraph consists of Plaintiff's quotations from and characterizations of Defendants' denial of its delisting petition, to which no response is required.  Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.  To the extent a response is deemed required, denied.

82.     This paragraph consists of Plaintiff's characterizations of and quotations from the administrative record, to which no response is required.  Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.  To the extent a response is deemed required, denied.

83.     This paragraph consists of Plaintiff's characterizations of and quotations from the administrative record, to which no response is required.  Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.  To the extent a response is deemed required, denied.

84.     This paragraph consists of Plaintiff's characterizations of the administrative record, to which no response is required.  Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.   To the extent a response is deemed required, denied.

85.     This paragraph consists of Plaintiff's legal conclusions, to which no response is required.  To the extent that a response is deemed required, denied.

86.     This paragraph consists of Plaintiff's legal conclusions, to which no response is required.  To the extent that a response is deemed required, denied.

87.     This paragraph consists of Plaintiff's legal conclusions, to which no response is required.  To the extent that a response is deemed required, denied.

88.     Denied.

89.     Defendants repeat and incorporate their responses to paragraphs 1 through 88 above as if set forth fully herein.

90.     This paragraph consists of Plaintiff's characterization of the Administrative Procedure Act, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the statute for a full and accurate statement of its contents.

91.     This paragraph consists of Plaintiff's legal conclusions, to which no response is required.

92.     This paragraph consists of Plaintiff's characterizations of and quotations from the administrative record, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.

93.     This paragraph consists of Plaintiff's characterizations of the administrative record, to which no response is required.  Defendants respectfully refer the Court to the administrative record for a full and accurate statement of its contents.  To the extent a response is deemed required, denied.

94.     This paragraph consists of Plaintiff's legal conclusions, to which no response is required.

95.     This paragraph consists of characterizations of a third party and characterizations of and quotations from a website maintained by that third party.  Defendants respectfully refer the Court to the website for a full and accurate statement of its contents.  To the extent that a response is deemed required, Defendants lack knowledge or information sufficient to confirm or deny the allegations contained in this paragraph.

96.     This paragraph consists of Plaintiff's legal conclusions and characterizations of Defendants' denial of its delisting petition, to which no response is required.  Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.

97.     This paragraph consists of Plaintiff's legal conclusions and characterizations of Defendants' denial of its delisting petition, to which no response is required.  Defendants respectfully refer the Court to this administrative record document for a full and accurate statement of its contents.  To the extent that a response is deemed required, denied.

98.     Denied.

The remaining paragraphs of the Complaint consist of Plaintiff's request for relief, to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

Defendants hereby deny each and every allegation in the Complaint not expressly admitted or denied above.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

STEPHEN M. ELLIOTT
Assistant Director, Federal Programs Branch

- 15 -

- 16 -

/s/ James Bickford
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendants*

Date: June 18, 2026