**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **VFC SOLUTIONS LTD**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-3861 (TJK) |
| | ) | |
| **BRADLEY T. SMITH**, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR REFERRAL TO THE COURT'S
MEDIATION PROGRAM OR TO A MAGISTRATE JUDGE FOR A
SETTLEMENT CONFERENCE AND FOR AN EXTENSION OF TIME TO FILE**

Plaintiff VFC Solutions Ltd ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court, pursuant to Local Civil Rule 84.4, paragraph 15 of this Court's Standing Order (ECF No. 4), and Federal Rule of Civil Procedure 16(a)(5) and 16(c)(2)(I), for an order referring this matter to the Court's Mediation Program or, in the alternative, to a Magistrate Judge for the limited purpose of conducting a settlement conference. Plaintiff does not seek, and this Motion does not request, the reference of this action to a Magistrate Judge to conduct all proceedings under 28 U.S.C. § 636(c) and Local Civil Rule 73.1, which would require the consent of all parties. As grounds for this Motion, Plaintiff states as follows:

**BACKGROUND**

This is an action under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, challenging the decision of the Office of Foreign Assets Control ("OFAC") to deny Plaintiff's petition, submitted pursuant to 31 C.F.R. § 501.807, for removal from the Specially Designated Nationals and Blocked Persons List ("SDN List"). Plaintiff filed its Complaint on November 4, 2025, ECF No. 1; Defendants answered on April 30, 2026, ECF No. 8; and, following Plaintiff's Amended Complaint filed May 21, 2026, ECF No. 10, Defendants answered the Amended Complaint on June 18, 2026, ECF No. 12.

1

On July 6, 2026, the parties filed a proposed briefing schedule for cross-motions for summary judgment, under which Plaintiff's motion would be due August 28, 2026. *See* ECF No. 13.  By Minute Order entered July 7, 2026, the Court set Plaintiff's motion for summary judgment to be due August 8, 2026; Defendants' cross-motion and opposition due October 9, 2026; Plaintiff's opposition and reply due November 6, 2026; and Defendants' reply due December 4, 2026. By minute order entered August 5, 2026, the Court extended the deadline to file Plaintiff's motion for summary judgment to August 28, 2026.

The parties have engaged in settlement discussions since January 2026, including through written settlement proposals and settlement discussions between counsel on March 18, 2026 and July 1, 2026. Although the parties' discussions remain ongoing, and Plaintiff believes it has conceded to Defendants' settlement demands, progress has stalled. A referral to the Court's Mediation Program or to a Magistrate Judge for a settlement conference would provide the structured, neutral oversight most likely to bridge the parties' remaining differences and resolve this matter without the need for summary-judgment briefing on a voluminous administrative record.

## ARGUMENT

I.     **The Court Has Ample Authority to Refer This Case for Mediation or a Settlement Conference.**

The Court's Standing Order provides that "[t]he Court encourages the use of alternative dispute resolution—e.g., mediation or neutral case evaluation," and that "[t]he use of these methods is available at any time, as is a settlement conference before a magistrate judge." Standing Order ¶ 15, ECF No. 4. Defendants consent to the requested extension of the summary-judgment briefing schedule and have not yet taken a position on Plaintiff's request for referral to mediation. Because the parties have not jointly approached Chambers, Plaintiff raises these options by motion. Referral for settlement does not require the consent of all parties. Local Civil Rule 84.4(a) authorizes a district judge to refer a civil case to the Court's

Mediation Program either by encouraging voluntary participation or "by requiring litigants to participate after giving them an opportunity, in response to an order to show cause, to explain why mediation would not be appropriate in their case." LCvR 84.4(a)(2). Referral may occur "at any point during the course of the litigation." LCvR 84.4(b). The decision to refer a case to mediation over a party's objection lies within the Court's discretion. *Konarski v. Donovan*, 763 F. Supp. 2d 128, 137 (D.D.C. 2011) (the court "may, in its discretion, require the parties to participate in mediation" under LCvR 84.4(a)(2)). Courts in this district have referred matters to mediation. *See*, *e.g.*, *Hayes v. Mayorkas*, No. 23-cv-2734, Minute Order (D.D.C. Sept. 5, 2025) (Ali, J.) (referring case to the Mediation Program where the objecting party "ha[d] not shown adequate cause why mediation would not be appropriate"); *Clarian Health West, LLC v. Burwell*, No. 14-cv-339, Minute Order (D.D.C. Aug. 29, 2024) (Reyes, J.) (ordering mediation on finding "that further mediation could be productive and that good cause exists to order it").

Federal Rule of Civil Procedure 16 independently permits the Court to convene a conference for the purpose of "facilitating settlement," Fed. R. Civ. P. 16(a)(5), and to take up "settling the case and using special procedures to assist in resolving the dispute," Fed. R. Civ. P. 16(c)(2)(I), on its own initiative or at a party's request. A settlement conference is likewise among the "additional duties" a district judge may assign to a magistrate judge. *See* 28 U.S.C. § 636(b)(3); *see*, *e.g.*, *Democratic Nat'l Comm. v. U.S. Secret Serv.*, No. 06-cv-0842 (D.D.C.), Order (Sept. 8, 2006), ECF No. 23 (granting motion for an immediate settlement conference, referring the matter to a Magistrate Judge for purposes of a settlement conference, and setting a briefing schedule for dispositive motions). As in *Democratic National Committee*, Plaintiff asks only that the Court refer this matter for the limited purpose of a settlement conference, whether before a Magistrate Judge or through the Court's Mediation Program, while the action otherwise remains before this Court.

3

**II.      Referral Is Warranted Now and Would Not Prejudice Defendants.**

Referral would not prejudice Defendants and would not require either side to concede any position. A referral directs only that the parties appear and confer in good faith before a neutral party; it does not compel any party to settle or to accept any particular terms. Referral is warranted now for two reasons independent of the substance of any settlement communications. First, Plaintiff's opening summary-judgment brief is currently due August 28, 2026. Thus, referral before the parties incur the substantial cost of briefing cross-motions on a voluminous administrative record would permit the parties to determine whether the case can be narrowed or resolved before those costs are expended. Second, Plaintiff is presently seeking to undergo corporate dissolution proceedings in Cyprus, and is in ongoing communications with Defendant OFAC to obtain the necessary guidance for third parties to feel comfortable facilitating Plaintiff's dissolution. Should that dissolution be completed before this action concludes, Plaintiff may cease to exist as a legal entity, raising substantial questions as to whether this action or future administrative proceedings could proceed at all. *See* Fed. R. Civ. P. 17(b)(2) (a corporation's capacity to sue is determined "by the law under which it was organized"); *Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp.*, 302 U.S. 120, 125 (1937) (dissolution "puts an end to" a corporation's existence, and "[t]here must be some statutory authority for the prolongation of its life, even for litigation purposes"). Referral now would permit an orderly resolution before those questions ripen.

Consistent with Federal Rule of Evidence 408, Plaintiff does not rely on, and does not disclose, the substance of any offer, demand, or position exchanged in those discussions; Plaintiff cites only the undisputed procedural fact that discussions have occurred, to demonstrate that a court-supervised conference would not be starting from a blank slate.

Because this Motion also asks the Court to adjust the briefing schedule, Plaintiff notes, consistent with paragraph 10 of the Standing Order: (1) the deadline at issue is Plaintiff's

August 28, 2026 summary-judgment deadline; (2) Plaintiff requests a sixty (60)-day extension of that deadline and of each subsequent briefing deadline; (3) the Court has granted five prior extensions, each sought with the parties' consent, *see* ECF Nos. 6, 7, 9, 11, and 14; (4) good cause is set forth above; and (5) the effect on the remaining deadlines, with a proposed schedule, is reflected in the accompanying proposed order.

Pursuant to Local Civil Rule 7(m), undersigned counsel conferred with counsel for Defendants regarding the relief sought in this Motion on August 5, 2026. On August 11, 2026, counsel for Defendants advised as follows: Defendants consent to the requested sixty (60)-day extension of the summary-judgment briefing schedule. As to the request for referral to mediation, Defendants have not yet taken a firm position, but have advised that there is a reasonably good chance they will agree to mediation and that they may file a written statement of their position. This Motion is therefore unopposed as to the requested extension and is filed with Defendants' position on mediation pending.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order (1) referring this matter to the Court's Mediation Program or, in the alternative, to a Magistrate Judge for the limited purpose of conducting a settlement conference, to be held at the earliest practicable date, while the case otherwise remains before this Court, or, at a minimum, ordering Defendants to show cause why mediation would not be appropriate in this case, *see* LCvR 84.4(a)(2); (2) extending the deadlines governing summary-judgment briefing set forth in the Court's Minute Orders of July 7 and August 5, 2026, by sixty (60) days, such that Plaintiff's motion for summary judgment would be due October 27, 2026, with subsequent deadlines adjusted accordingly, to permit the settlement conference to proceed before the parties expend the resources of cross-motion briefing; (3) directing that each party appear at the settlement conference through a representative with authority to settle this matter, or ensure that such a representative is immediately available by telephone for the duration of the conference; and (4)

granting such other and further relief as the Court deems just and proper. A proposed order is

submitted herewith.

Respectfully submitted,

*/s/ Erich C. Ferrari*
Erich C. Ferrari, Esq.
Ferrari & Associates
1455 Pennsylvania Ave., NW
Suite 400
Washington, D.C. 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: ferrari@falawpc.com
D.C. Bar No. 978253

*Counsel for Plaintiff*

Dated: August 12, 2026

6